922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY SITUATED IN WASHINGTON COUNTY, OHIO, KNOWN AS
ROUTE 1, BOX 24, CUTLER, OHIO, etc., Defendant,
Pauline Carney, Claimant-Appellant.
 No. 90-3070.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an action for forfeiture of real property used in the marijuana trade. Pauline Carney, who holds legal title to the property, appeals from a district court decision granting summary judgment to the government. Mrs. Carney contends that the district court erred: (1) in granting the government's motion to strike her claim for failure to state her interest in the property; (2) in ruling that she lacks standing to contest the forfeiture because she offered no evidence of dominion and control over the property; and (3) in granting the government's motion for summary judgment on the ground that the government had shown probable cause to believe there were grounds for forfeiture and Mrs. Carney had neither shown that the property was not subject to forfeiture nor demonstrated the existence of a triable issue as to whether the marijuana was being grown and stored on the property without her knowledge or consent. We conclude that the grant of summary judgment to the government was proper, and we shall affirm the judgment of the district court.
 
 
 2
 * The government filed the instant forfeiture action pursuant to 21 U.S.C. Sec. 881. The defendant is certain real property located in Washington County, Ohio. A raid conducted by the government shortly before the action was commenced showed that the property was being used for the cultivation of marijuana. Pauline Carney filed a claim to the property after notice of the government's complaint was published in a local newspaper. Her claim stated simply: "Pauline L. Carney, hereby makes claim to the Defendant properties." The government responded by filing a motion to strike the claim on the ground that Mrs. Carney had failed to state her interest in the property as required by the rules governing forfeiture proceedings. The same motion requested summary judgment for the government. The district court ruled in favor of the government on all issues. This appeal followed.
 
 II
 
 3
 Forfeiture actions under 21 U.S.C. Sec. 881 are governed by the procedures found in 19 U.S.C. Sec. 1615. The government bears the initial burden of showing probable cause to believe that grounds for forfeiture exist; when this burden is met, the claimant must prove by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture applies. See United States v. Lots 12, 13, 14, and 15, Keeton Heights Subdivision, 869 F.2d 942, 946 (6th Cir.1989). In the case at bar Mrs. Carney admits that "the plaintiff has probable cause for the forfeiture of the defendant property." She argues, however, that she is entitled to invoke the "innocent owner" defense set forth in 21 U.S.C. Sec. 881(a)(7).[1] That provision states in pertinent part that:
 
 
 4
 "no property shall be forfeited ... to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."
 
 
 5
 The question presented is whether Mrs. Carney made a sufficient showing of innocent ownership to survive a motion for summary judgment. We conclude that she did not.
 
 
 6
 The government offered considerable evidence to show that Mrs. Carney was not an innocent owner, including reports and articles relating to a 1982 raid in which marijuana was found on the premises and an affidavit from Sergeant Steve Lynch (who participated in both raids) stating that Mrs. Carney had been living on the premises during each raid and that she knew of the marijuana. Mrs. Carney presented no evidence in response to this documentation. On the record before it, therefore, the district court had no alternative but to grant the government's motion for summary judgment. Because the government was entitled to judgment as a matter of law, Mrs. Carney could not prevail on either of her first two assignments of error even if the assignments were well-founded.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Mrs. Carney maintains that her son, Denver, and his wife, Patricia, who live with her on the property, cultivated the marijuana without her knowledge. No sworn testimony was presented to support Mrs. Carney's claim of lack of knowledge